# Sequestration Exemption for the Resolution Funding Corporation

"Backup" payments made by the Department of the Treasury to cover interest obligations of the Resolution Funding Corporation are not subject to sequestration under the Balanced Budget and Emergency Deficit Control Act of 1985.

October 3, 1989

MEMORANDUM OPINION FOR THE GENERAL COUNSEL
DEPARTMENT OF THE TREASURY
AND THE ACTING GENERAL COUNSEL
OFFICE OF MANAGEMENT AND BUDGET

This responds to your request of September 29, 1989, for the opinion of this Office on whether the Department of the Treasury ("Treasury") and the Office of Management and Budget ("OMB") are correct in their determination that "backup" payments made by Treasury to cover interest obligations of the Resolution Funding Corporation ("Refcorp") would not be subject to sequestration under the Balanced Budget and Emergency Deficit Control Act of 1985, as amended, 2 U.S.C. §§ 901-922 ("Balanced Budget Act" or "Act"). The Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 ("FIRREA"), exempts Refcorp from any sequestration order under the Balanced Budget Act. We conclude that Treasury and OMB are correct that this exemption extends to Treasury's backup payments.

Refcorp is a privately capitalized corporation organized solely to provide funds to the Resolution Trust Corporation to resolve the financial problems of the thrift industry. Federal Home Loan Bank Act ("FHLB Act"), § 21B(a), as added by FIRREA, § 511(a), 103 Stat. at 394. In addition to receiving private funding from the thrift industry, Refcorp may issue "bonds, notes, debentures, and similar obligations in an aggregate amount not to exceed $30,000,000,000." § 21B(f)(1) of the FHLB Act, 103 Stat. at 400. Interest on these obligations is to be paid by Refcorp from four specified sources. *Id.* § 21B(f)(2). To cover shortfalls from these sources, Congress established a "Treasury [b]ackup," directing the Secretary of the Treasury to "pay to [Refcorp] the additional amount due, which shall be used by the [Refcorp] to pay such interest." *See* § 21B(f)(2)(E)(i) of the FHLB Act, 103 Stat. at 401-02. The FIRREA "appro-

priate[s] to the Secretary [of the Treasury] for fiscal year 1989 and each fiscal year thereafter, such sums as may be necessary to [fund]" Treasury's backup payments. *Id.* § 21B(f)(2)(E)(iii).

Treasury and OMB have concluded that Treasury's backup payments to Refcorp are not subject to sequestration under the Balanced Budget Act. That Act directs the President under certain circumstances to sequester appropriated funds to meet targeted budget reductions. 2 U.S.C. §§ 901-902. The Act defines "sequesterable resource" as

> new budget authority; unobligated balances; new loan guarantee commitments or limitations; new direct loan obligations, commitments, or limitations; spending authority as defined in section 651(c)(2) of [title 2]; and obligation limitations for budget accounts, programs, projects, and activities that are not exempt from reduction or sequestration under this subchapter.

*Id.* § 907(9). Congress has exempted from sequestration a number of "budget accounts and activities." *Id.* § 905(g). On August 9, 1989, Congress amended the Balanced Budget Act to add Refcorp to the list of "budget accounts and activities" that "shall be exempt from reduction under any order" issued under the Balanced Budget Act. FIRREA, § 743(a)(4), 103 Stat. at 437. The simple question posed is whether Congress intended by this amendment to exempt from sequestration Treasury payments to Refcorp made pursuant to § 21B(f)(2)(E) of the FHLB Act.

Refcorp is a "mixed-ownership Government corporation," *see* FIRREA, § 511(b)(1), 103 Stat. at 406 (amending 31 U.S.C. § 9101(2)(M) to include Refcorp), which, apart from the proceeds of obligations issued pursuant to § 511(a) of FIRREA, is funded only through investments by and assessments against the Federal Home Loan Banks, *id.* 103 Stat. at 396-97, 401; assessments against Savings Association Insurance Fund members, *id.* 103 Stat. at 400; and FSLIC Resolution Fund receivership proceeds. *Id.* OMB has advised us that for budget purposes Refcorp is a private corporation entirely outside the budget process. Thus Refcorp is not included in the calculation of the budget "deficit," 2 U.S.C. § 622(6), which forms the basis for sequestration under the Balanced Budget Act, 2 U.S.C. § 901(a)(1), and is not subject to the Balanced Budget Act. Consequently, there would have been no need to exempt Refcorp itself from reductions under the Balanced Budget Act. The only conceivable purpose of the exemption for Refcorp therefore must have been to ensure that payments to Refcorp such as the Treasury's backup payments would be exempt from reduction. Accordingly, we believe that the exemption must be understood as extending to these payments.

We recognize that Congress expressly exempted payments to other

funds and entities, *see* 2 U.S.C. § 905(g)(1)(A). We do not believe that Congress' failure to exempt the Treasury payments expressly, however, reflects an intent that they be sequesterable. If the amendment adding Refcorp were construed not to extend to the Treasury backup payments, it would be meaningless.

The legislative history provides no guidance as to Congress' intent in adding the exemption for Refcorp. H.R. Conf. Rep. No. 222, 101st Cong., 1st Sess. 436 (1989). However, construing the exemption to encompass Treasury's backup payments furthers the indisputable congressional purpose of saving the thrift industry at the least cost to the government. Interpreting the exemption not to extend to the Treasury's payments could frustrate, if not defeat, the objectives of FIRREA by seriously undermining the marketability of the obligations issued by Refcorp, and/or forcing purchasers to demand a higher rate of return to offset the risk of sequestration.

For the reasons stated, we conclude that Treasury and OMB are correct in their determination that backup payments made by Treasury to cover interest payment obligations of Refcorp are not sequesterable under the Balanced Budget Act.

WILLIAM P. BARR
*Assistant Attorney General*
*Office of Legal Counsel*

311